YM

FILED
JANUARY 9, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 187

JUDGE GRADY
MAGISTRATE JUDGE MASON

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **GEORGE E. MAZUREK,** on behalf of himself, and all other similarly situated plaintiffs known and unknown, | ) ) ) ) ) | **No.** 08 CV |
| Plaintiff | ) ) | Honorable Judge |
| v. | ) ) ) | Magistrate Judge |
| **COMPUCOM SYSTEMS, INC.** | ) ) | **_JURY DEMAND_** |
| Defendant | ) ) ) | **_F.R.C.P. 23 CLASS ACTION DEMAND_** |

## COMPLAINT

NOW COMES Plaintiff, **GEORGE E. MAZUREK,** on behalf of himself and all other Plaintiffs similarly situated known and unknown, by and through his attorney, JOHN W. BILLHORN, and for his Complaint against Defendant, **COMPUCOM SYSTEMS, INC.,** states as follows:

### I. NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, _et seq._, and the Portal-to-Portal Act, 29 U.S.C. §251 _et seq.,_ the Illinois Minimum Wage Law, 820 ILCS 105/1 _et seq._, and the Illinois Wage Payment and Collection Act, 820 ILCS Section 115/1, _et seq_.

### II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, the Portal-to-Portal Act, 29 U.S.C. §251 _et seq._, and for the supplemental

Illinois statutory claims, pursuant to 28 U.S.C. §1367.  Venue lies in the Northern District of Illinois in that Plaintiff is a resident of this district and Defendant is engaged in business in this district.

### III. PARTIES

3. Defendant, **COMPUCOM SYSTEMS, INC.,** (hereinafter "Defendants") is engaged in the business of providing computer technical services and technical resources to businesses nationwide.  As such, Defendant's services qualify as an enterprise engaged in commerce as defined by the FLSA.  During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and, therefore, was and is an "employer" as defined under both the federal and state statutes relied upon herein.

4. Plaintiff, **GEORGE E. MAZUREK,** (hereinafter "the named Plaintiffs") and all other unnamed Plaintiffs of the class, known and unknown (hereinafter referred to as "members of the Plaintiff Class") is a past hourly employee of Defendant and designated as a Field Technician and at times performing duties as an On-Site Technician all for repair and installation type duties.   As an employee performing duties for an enterprise engaged in commerce, the named Plaintiff and all Plaintiffs similarly situated also were engaged in commerce as defined by the FLSA.

### IV. CLASS ALLEGATIONS

**Fair Labor Standards Act**

5. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is maintained by the named Plaintiff as an opt-in representative action, for and on behalf of himself and other Plaintiffs similarly situated, who have been or will in the future be damaged by Defendant's failure to comply with 29 U.S.C. §201 *et. seq.* and §251 *et. seq.*

Count II alleges a willful violation of the FLSA and seeks an additional, third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260. Plaintiff seeks to send Notice to all similarly situated Field Technicians and On-Site Technicians performing repair and installation type duties as provided by 29 USC Section 216(b) and supporting case law.

### Illinois Minimum Wage Law

6. Pursuant to the Illinois Minimum Wage Law, 820 ILCS Section 105/1 *et seq*., Count IV of this action is brought by the named Plaintiff as an opt-out class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, for and on behalf of all persons similarly situated. The class represented by Plaintiff consists of all persons who have been, or will be employed by Defendant working as both Field Technicians and On-Site Technicians performing repair and installation type duties on or after the date three (3) years prior to the filing of this action.

### Illinois Wage Payment and Collection Act

7. Pursuant to Illinois Wage Payment and Collection Act, 820 ILCS Section 115/1 *et seq*., Count V of this action is brought by the Plaintiff as an opt-out class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, for and on behalf of all persons similarly situated. The class represented by Plaintiff consists of all persons who have been or will be employed by Defendant working as Field Technicians and On-Site Technicians for repair and installation type duties, on or after the date five (5) years prior to the filing of this action.

### V.  FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

8. The named Plaintiff and all other members of the Plaintiff Class, known and unknown, at all times pertinent to the cause of action, were employed by Defendant, said employment being integral and indispensable to Defendant's business.

9. While employed by Defendant, Plaintiff and members of the Plaintiff class were required to perform work duties for Defendant, which Defendant did not recognize as working time. Therefore the named Plaintiff and other members of the Plaintiff Class were required to spend certain hours performing said work duties off the clock which were to the benefit of Defendant, but for which Defendant did not compensate Plaintiff and members of the Plaintiff Class.

10. Plaintiff and members of the Plaintiff class were routinely permitted, suffered, or required to perform certain duties at the customer's location and/or after arriving home, all to the benefit of the Defendant employer without proper compensation for said work performed. The duties performed by Plaintiff and members of the Plaintiff Class were performed and Defendant accepted the performance of the work because the duties were essential to the needs of Defendant's customers. Defendant did not recognize these hours as work hours and therefore has failed and refused to pay Plaintiff and members of the Plaintiff Class for those hours.

11. In many instances, when the above described work hours are properly counted as work hours, Plaintiff and members of the Plaintiff Class overall hours exceeded forty (40) in a work week, entitling Plaintiff to a premium rate of time and one-half his regularly hourly rate for those unpaid hours.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-11. Paragraphs 1 through 11 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 11 of this Count I.

12. Pursuant to Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*, and the Portal-to-Portal Act 29 U.S.C. §251 *et. seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation at a rate not less than one and

one-half their regular rate of pay for all hours worked in excess of forty (40) hours in any week during the two (2) years preceding the filing of this action, and are entitled to compensation for all hours worked to the benefit of Defendant.

13. Defendant has at all times relevant hereto failed and refused to pay compensation to its employees, including the named Plaintiff herein, at the rate of one and one-half times their regular hourly wage rate for all hours worked over forty (40) in a work week, all as required by the F.L.S.A.

WHEREFORE, the named Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

(a) awarding back pay equal to the amount of all unpaid compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid compensation;

(c) awarding Plaintiff's reasonable attorney's fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-11. Paragraphs 1 through 11 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 11 of Count II.

12. Defendant has, both in the past and presently, willfully failed to pay the named Plaintiff and members of the Plaintiff Class for all work performed and has willfully failed

to pay Plaintiff and members of Plaintiff class for work weeks in excess of forty (40) hours per week at a rate equal to one-half times their regular rate of pay, and has failed and refused to pay despite the fact that Defendant knew or should have known of the requirements of the Fair Labor Standards Act.

13.  Defendant continues a pattern of deliberate, voluntary, intentional, and willful violation of the Fair Labor Standards Act.

14. Pursuant to the Fair Labor Standards Act, Plaintiff, and all other employees similarly situated, past or present, are entitled to compensation for all hours worked and entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all the hours worked in excess of forty (40) in any given week in three (3) years preceding the filing of this complaint.

WHEREFORE, the named Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

(a)  awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)  awarding prejudgment interest with respect to the amount of unpaid compensation;

(c)  awarding Plaintiff's reasonable attorney's fees and court costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(d)  for such additional relief as the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES

## UNDER THE FAIR LABOR STANDARDS ACT

1-11. Paragraphs 1 through 11 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 11 of Count III.

12. In denying the named Plaintiff and members of the Plaintiff Class compensation as described above, Defendant's acts were not based upon good faith or reasonable grounds.

13. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, the named Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order as follows:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT IV

## SUPPLEMENTAL STATE COURT CLAIM

## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-11. Paragraphs 1 through 11 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 11 of this Count IV.

12. The Illinois Minimum Wage Law provides one and one half times their regular rate of pay must be paid to employees for work performed in excess of 40 hours in a workweek and that compensation shall be paid for all hours actually worked.

13. As the employer of Plaintiff and other persons who have performed work for the benefit of Defendant, **COMPUCOM SYSTEMS, INC.,** is liable for the failure to pay compensation to employees as complained of herein.

14. Throughout the relevant time periods at issue, the Illinois Minimum Wage Law provided that an employer who fails to pay the required amount of wages due an employee under the law, shall be liable to the underpaid employee or employees for the unpaid wages and for punitive damages in the amount of 2% of the amount of such underpayments for each month following the date of payment during which such underpayments remain unpaid.

15. Defendant's failure to pay the wages as described has been willful and/or in bad faith.

WHEREFORE, the named Plaintiff requests this Court to enter an Order:

(a) declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiffs and other members of the Plaintiff Class are entitled;

(c) awarding the statutory punitive damages to Plaintiff and members of the Plaintiff Class, equal to 2% of the amount of unpaid overtime for each month following the date of the payment during which underpayments remain unpaid;

Plaintiff further requests that:

(d) this Court retain jurisdiction of the case until such time as it is assured that Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(e)     this Court order Defendant to pay to Plaintiff's reasonable attorney's fees, costs, and litigation expenses, as provided by statute;

(f)     this Court award whatever additional relief it deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL STATE COURT CLAIM

### VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

1-11.   Paragraphs 1 through 11 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 11 of this Count V.

12.  The Illinois Wage Payment and Collection Act, Section 2, defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the 2 parties, . . . .".  Payment to separated employees is termed "final compensation" and defined as "wages, salaries, earned commissions, earned bonuses . . . . and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties".

13.  As part of the employment agreement between parties herein Defendants agreed they would pay compensation in compliance with state and federal law.

14.  The Illinois Wage Payment and Collection Act, Section 4 provides that every employer shall pay "[A]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned".  Plaintiff herein have been denied payment

of his rightful overtime wages for varying amounts of time in excess of 13 days from the time the overtime pay was earned.

15.     The Illinois Wage Payment and Collection Act, Section 5, provides that "[E]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee.  Plaintiff herein have been denied payment of their rightful overtime wages for varying amounts of time in excess of the next scheduled pay day after their separation.

16.     Defendant's acts as complained of herein and described above, namely the continuing refusal and failure to pay the earned wages to Plaintiff and the Plaintiff class, constitutes a violation of the Illinois Wage Payment and Collection Act.

**WHEREFORE,** the named Plaintiff requests this Court to enter an Order:

(a)     declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter,  in violation of the provisions of the Illinois  Wage Payment and Collection Act;

(b)     awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

Plaintiff further requests that:

(c)     this Court retain jurisdiction of the case until such time as it is assured that Defendant's have remedies the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

      (d)    this Court order Defendant to pay to Plaintiff's reasonable attorney's fees, costs, and litigation expenses, as provided by statute;

      (e)    this Court award whatever additional relief it deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 1/9/2008*

*s/ John W. Billhorn*

_____

John W. Billhorn, attorney for Plaintiff, and all other Plaintiffs similarly situated, known or unknown.

JOHN W. BILLHORN
BILLHORN LAW FIRM
515 N. STATE STREET
SUITE 2200
CHICAGO, IL 60610
312) 464-1450

**BILLHORN**
**LAW**
**FIRM**

---

## CONSENT TO BE PARTY PLAINTIFF

This agreement, entered into on this **27th** day of December, 2007, between **GEORGE E. MAZUREK** (Client) and John W. Billhorn, (Attorney), hereby authorizes and engages the Billhorn Law Firm to pursue back wages and other relief against **COMPUCOM SYSTEMS, INC.**, and by the signature below, **GEORGE E. MAZUREK**, hereby consents to be a party Plaintiff in said law suit.

*/s/ George E. Mazurek*
CLIENT'S SIGNATURE