IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GEORGE E. MAZUREK,** on behalf of himself, and all others similarly situated known and unknown,<br><br>        Plaintiff,<br><br>        v.<br><br>**COMPUCOM SYSTEMS, INC..,**<br><br>        Defendant. | No.  1:08-cv-00187<br><br>Judge John F. Grady |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO TRANSFER VENUE

**I.     INTRODUCTION**

CompuCom Systems, Inc. ("CompuCom" or "Defendant") is an IT outsourcing company headquartered in Dallas, Texas.  Although CompuCom has Field Technicians and On-Site Technicians (collectively "Technicians") located in 46 states, and the District of Columbia, a majority of its employees are located in the Northeast and Western parts of the United States. Only approximately one percent of its associates are located in Illinois.  Nevertheless, Plaintiff George Mazurek ("Mazurek" or "Plaintiff"), a former Field Technician for CompuCom located in the Northern District of Illinois, has filed a purported collective and class action in the Northern District of Illinois.  Specifically, Plaintiff alleges that Technicians were not properly compensated under the overtime requirements of the Fair Labor Standards Act ("FLSA"), and he seeks to represent a nationwide collective action of approximately 3,533 Field Technicians and On-Site Technicians,  ninety-nine percent of whom live outside of Illinois.  In addition, Plaintiff seeks to represent a class of 38 Illinois employees with respect to various alleged overtime

violations of the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act.

CompuCom brings this motion to transfer venue from the Northern District of Illinois to the Northern District of Texas, Northern Division, pursuant to 28 U.S.C. § 1404(a), based on the "convenience of parties and witnesses" and it is "in the interests of justice." Specifically, CompuCom seeks to transfer this purported collective action based on the following grounds:

**The Northern District Of Texas Is A Proper Venue**. Transfer is appropriate to any district where the action could have been filed. See 28 U.S.C. § 1404(a). Because CompuCom maintains its corporate headquarters in the Northern District of Texas, it is subject to personal jurisdiction in that district.

**Convenience Of The Parties And Witnesses And Interests Of Justice.** Transfer to the Northern District of Texas would be most convenient for the parties and witnesses and in the interests of justice: (1) it is closer to CompuCom's corporate headquarters and is convenient for putative class members; (2) it is closer to most of the potential witnesses in the action; (3) it is closer to the situs of material events and location of the evidence; (4) it is equally familiar with wage and hour law; and (5) Dallas has a greater local interest in this trial. Accordingly, this action should be transferred to the Northern District of Texas.

## II.　STATEMENT OF RELEVANT FACTS

CompuCom is an IT outsourcing company providing infrastructure management services, application services, systems integration, and consulting services, as well as the procurement and management of hardware and software. (Declaration of Steve Buchanan ["Buchanan Decl."] ¶ 3) (Attached as Exhibit A). As noted above, Mazurek is a former employee, who worked as a Field Technician in the Northern District of Illinois. (Complaint ¶ 4).

CompuCom operates throughout the country, and over the past three years, it has,

employed approximately 3,533 Technicians in forty-six states and the District of Columbia. Specifically, it has employed the following numbers of Technicians in the following states: Alabama (27), Alaska (15), Arkansas (2), Arizona (18), California (395), Colorado (45), Connecticut (152), District of Columbia (5), Florida (184), Georgia (112), Hawaii (1), Iowa (2), Illinois (38), Indiana (28), Kansas (27), Kentucky (113), Louisiana (31), Maine (2), Maryland (32), Massachusetts (131), Michigan (96), Minnesota (52), Missouri (58), Mississippi (4), North Carolina (198), Nebraska (8), New Hampshire (2), New Jersey (473), New Mexico (9), Nevada (6), New York (255), North Dakota (3), Ohio (199), Oklahoma (10), Oregon (47), Pennsylvania (104), Rhode Island (4), South Carolina (81), South Dakota (3), Tennessee (13), Texas (212), Utah (16), Virginia (140), Vermont (7), Washington (57), Wisconsin (108) and West Virginia (8). (Buchanan Decl. ¶ 6). Notably, only 38, or approximately 1% of CompuCom's Technicians worked in Illinois (Id.)

CompuCom's corporate headquarters are located in Dallas, Texas, and its general human resources and pay policies and practices are developed and maintained by management and executive-level employees who work from that office. (Buchanan Decl. ¶ 7). Payroll records are processed and kept at CompuCom's corporate office, and Technician pay is prepared and distributed from there as well. (Buchanan Decl. ¶¶ 8-9). Likewise, documents related to the duties and responsibilities of Technicians, such as their job descriptions, training materials, the CompuCom policies that Technicians are responsible for following, and documents supporting CompuCom's compensation policies are maintained at CompuCom's corporate headquarters. (Buchanan Decl. ¶¶ 8, 9, 10).

Moreover, based on a review of the allegations in Plaintiff's Complaint, it appears that the following current and former employees will likely serve as witnesses during discovery and

or be called to testify at a trial, most of whom reside in the Dallas area:

| NAME | TITLE | SUBJECT MATTER |
| --- | --- | --- |
| Steve Buchanan | Vice President Human Resources | Overall knowledge of CompuCom's processes, policies and procedures. |
| Patricia Parnell | Director of Compensation and Benefits | General knowledge of policies and practices and specific knowledge of titles, job descriptions and pay plans. |
| Katherine Castleberry | Payroll Manager | Overall knowledge of payroll and time tracking policies and practices. |
| Carol Mueller | Payroll Specialist | General and historical knowledge of time tracking and payroll policies and practices. |
| Chris Tice | Sr. Manager HR Information Systems | Responsible for all PeopleSoft and electronic personnel files, reporting and pay records. |
| Connie McMullen | HR Specialist | Responsible for all hard copy paper files and administration. |
| Sommer Watkins | HR Specialist | Responsible for all job descriptions and compensation for field associates. |
| Cyndie Ewert[1] | Director of Compensation and Benefits | Responsible for developing and administering pay policies. Received call or escalation point for calls concerning pay policy issues. |
| Kay Jarvis[2] | Payroll Manager | Responsible for carrying out directive of CompuCom's pay policies. Received call or escalation point for calls concerning pay policy issues. |

---

[1] CompuCom no longer employs Ms. Ewert, however, she continues to reside in the Dallas metropolitan area.
[2] CompuCom no longer employs Ms. Jarvis, however, she continues to reside in the Dallas metropolitan area.

-4-

| Tony Terrell[3] | Director of Compensation | Responsible for pay plans and ensuring FLSA compliance. Had responsibility for determining the roles and responsibilities of technicians as well as the FLSA status and pay plans. |
| --- | --- | --- |
| Erica Gonzales[4] | Compensation Analyst | Responsible for writing job descriptions and administering pay plans as well as answering associate and manager questions. |
| Karen Jenks[5] | Vice President of Services for the Central region. | Responsible for all associates in central regions. |
| Doug Johnson[6] | Employee Relations Specialist | Responsible for handling any associate issues or complaints. |

(Buchanan Decl. ¶ 12).

### III. THE STANDARD FOR TRANSFER OF VENUE UNDER 28 U.S.C. § 1404(A)

In considering this motion under § 1404(a), transfer is appropriate if: "(1) venue is proper in this district; (2) venue is proper in the transferee district; (3) the transferee district is more convenient for both the parties and witnesses; and (3) transfer would serve the interest of justice." Klutho v. 21st Century Insurance Co., No. 07-C-4111, 2007 U.S. Dist. LEXIS 869467, *2 (N.D. Ill. 2007) (citing Bryant v. ITT Corp., 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999)). As explained fully below, the relevant factors strongly favor transfer to the Northern District of Texas.

The decision to transfer a case is within the sound discretion of the district court judge on a "case-by-case consideration of convenience and fairness." Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239, 2244 (1988). In this District, courts consider both the private

---

[3] CompuCom no longer employs Ms. Terrell, however, she continues to reside in the Dallas metropolitan area.
[4] CompuCom no longer employs Ms. Gonzales, however, she continues to reside in the Dallas metropolitan area.
[5] CompuCom no longer employs Ms. Jenks,. She currently resides in Minneapolis, MN.
[6] CompuCom no longer employs Mr. Johnson, however, he resides in the Dallas metropolitan area.

...

interest of the parties and the public interest of the court. Amorose v. C.H. Robinson Worldwide, Inc., Nos. 06-C-6463, 06-C-6512, 06-C-6629, 06-C-6664, 2007 U.S. Dist. LEXIS 26725, * 6-7 (N.D. Ill. 2007) (citing N. Shore Gas Co. v. Salomon, Inc., 896 F. Supp. 786, 79 (N.D. Ill. 1995)). Factors considered in the private interests analysis include: "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the convenience of the parties; and (4) the convenience of the witnesses." Id. at *7 (citing Coll. Craft Cos. Ltd. V. Perry, 889 F. Supp. 1052, 1054 (N.D. Ill. 1995). Public interest factors include "the court's familiarity with the applicable law and concerns relating to the efficient administration of justice." Id.

In a transfer analysis, courts generally give substantial weight to the plaintiff's choice of forum. Amorose, 2007 U.S. Dist. Lexis 26725, at *7 (citing Vandeveld v. Christoph, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995)). However, "a plaintiff's choice of forum is afforded less deference when another forum has a strong relationship to the dispute or when the forum of plaintiff's choice has no connection to the material events." Id. at *8 (citing Chicago, Rock Island & Pac. R.R. Co. v. Igoe, 220 F.2d 299, 304 (7th Cir. 1955)). In considering the situs of material events, "[w]hen the conduct and events giving rise to the cause of action did not take place in the plaintiff's selected forum, 'the plaintiff's preference has minimal value,' even if it is his home forum." Boyd v. Snyder, 44 F. Supp. 2d 966, 969 (N.D. Ill. 1999).

More importantly, when a plaintiff purports to represent a nationwide class, the named plaintiff's choice of forum becomes irrelevant. See Id. As the Court stated in Boyd, "[w]hen 'plaintiff alleges a class action, plaintiff's home forum is irrelevant.'" Id. (quoting Georgouses v. NaTec Resources, Inc., 963 F. Supp. 728, 730 (N.D. Ill. 1997)). Indeed, as the United States Supreme Court has noted, "[w]here there are potentially hundreds, if not thousands, of plaintiffs, from many different states, deference to the plaintiff's chosen forum is considerably weakened."

Dortch v. Fin. Alternative, Inc., No. 01-C-7416, 2002 U.S. Dist. LEXIS 6875, *6 (N.D. Ill. 2002) (citing Koster v. American Lumebermans Mut. Cas. Co., 330 U.S. 518, 524 (1947)).[7]

## IV.   VENUE IS PROPER IN THE NORTHERN DISTRICT OF TEXAS

Under the transfer of venue statute, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Section 1404(a) was enacted as a "federal housekeeping measure, allowing easy change of venue within a unified federal system." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 (1981).  Its purpose is "to prevent the waste of time, energy, and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).

Transfer of this case is appropriate because both proper venue and personal jurisdiction exist in the Northern District of Texas.  Venue is proper in a judicial district in which any defendant resides, and a corporate defendant like CompuCom "resides" in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.  28 U.S.C. § 1391(c).  Thus this action against CompuCom certainly could have been brought in the Northern District of Texas, where it maintains its corporate headquarters and where it is subject to personal jurisdiction.

---

[7] In the instant case, there are over 3,500 potential Plaintiffs, from around the Country. (Buchanan Decl. ¶ 5).  Only thirty-eight, or roughly one percent of them worked in Illinois  (Buchanan Decl. ¶ 6), and it is unlikely that the Northern District of Illinois is the home forum for all these Illinois residents.  Accordingly, this is just the sort of nationwide action in which the Plaintiff's choice of forum is not entitled to significant weight in the Court's transfer analysis.

## V. VENUE SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF TEXAS BECAUSE OF THE CONVENIENCE OF THE PARTIES AND WITNESSES AND THE INTERESTS OF JUSTICE

### A. Transferring This Action To The Northern District Of Texas Will Serve The Convenience Of The Parties And Witnesses.

Unlike the Plaintiff's choice of forum, "[t]he convenience of the parties and witnesses is the most important factor to be analyzed under 1404(a)." Tong v. Direct Trading Corp., No. 2003 U.S. Dist. LEXIS 17427, *12 (N.D. Ill. 2003) (citing Dunn v. Soo Line R.R. Co., 864 F. Supp. 64, 65 (N.D. Ill. 1994)).

As stated above, CompuCom's corporate headquarters along with common key witnesses, and relevant documents are, in large part, located in Dallas, Texas. (Buchanan Decl. ¶¶ 4, 7-10, 12). If trial of this matter is held in Chicago, the Dallas witnesses would have to travel approximately 1,000 miles each way—several hours by plane or approximately 15 hours each way for employees who may be unable to fly. (Buchanan Decl. ¶ 13). If, on the other hand, the Court grants this transfer and trial is held in the Northern District of Texas, there would be no travel required for the substantial number of Dallas witnesses.

Trial in the Northern District of Illinois would be extremely costly for CompuCom because it would have to pay the transportation, meal, and lodging costs for its witnesses. (Buchanan Decl. ¶ 16). These expenses and the disruption to CompuCom's business by having key employee witnesses away from their jobs to attend hearings and a lengthy trial in Chicago, would be dramatically reduced if trial were conducted in Dallas. (Buchanan Decl. ¶ 14) These facts render the Northern District of Texas a much more convenient forum for CompuCom, and this District has found that this supports transferring venue. See Anchor Wall Sys., Inc. v. R & D Prods., Inc., 55 F. Supp. 2d 871, 875 (N.D. Ill. 1999).

Not only is the Northern District of Texas more convenient for CompuCom, it is also

more convenient for its witnesses. Section 1404(a) prefers a venue when the burden on witnesses will be clearly reduced. "Defendants' witnesses and representatives would have less difficulty participating in the instant action without the disruption of their other commitments if the action were in [Dallas] and thus delays resulting from the need to schedule the appearance of such persons would be less likely as well." Native American Arts v. Specialty Merch. Corp., No. 05-C-952, 2005 U.S. Dist. LEXIS 22056, *8 (N.D. Ill. 2005). As this Court stated in Law Bulletin Publ'g Co. v. LRP Publs, Inc.,

> It is true that all of [Defendant's] and most of [Plaintiff's] expected witnesses are employee-witnesses, whose convenience is generally assigned little weight. However, [Defendant] has identified two non-employee witnesses that are expected to testify. Further, notwithstanding that the employee-witnesses' expenses will probably be paid by their respective employer, testifying at trial requires travel and disruption of one's personal life. Thus, from the parties' submissions, the court has determined that the convenience of the witnesses weighs in favor of transferring the case to [the transferee forum].

992 F. Supp. 1014, 1019 (N.D. Ill. 1998) (internal citations omitted).

CompuCom's witnesses would have to spend many hours traveling in each direction if trial were held in the Northern District of Illinois. All the while, they will be unable to fulfill their obligations at home and at work. However, if this case were tried in Dallas, most of CompuCom's witnesses could be in the courtroom with as little as a couple hours notice because they live and work in Dallas. This would substantially reduce the disruption to the witnesses' personal lives an work. Thus, as in Law Bulletin, the convenience of witnesses in this case favors transfer.

### 1. The Northern District Of Texas Appears To Be As Convenient For The Putative Plaintiffs And Their Likely Witnesses

The geographic location of where CompuCom employed Field Technicians and On-Site Technicians points to the Northern District of Texas as a more convenient forum for the vast

majority of the putative class members. During the past three years, CompuCom has employed only 38, or a mere one percent, of its Technicians in Illinois. (Buchanan Decl. ¶ 6). On the other hand, CompuCom has employed 212 individuals in Texas, more than 600 in the Western half of the country, over 1500 in the East, and nearly 580 in the Southeastern portion of the country. (Buchanan Decl. ¶ 6). While the Northern District of Illinois is no doubt centrally located, this court has noted,

> In consideration of the convenience of witnesses, as between Illinois and Texas, Texas is much more convenient. . . . The consideration is not which geographical locale is most centrally located, but which locale, having a substantial connection to the litigation, is most convenient. It is not altogether clear that if this case were not removed first from state court, that venue would be proper in this district. That, however, is not relevant; what is relevant is which location is more convenient for the witnesses, Illinois and Texas. Because numerous witnesses and documents are in Texas and very few are in Illinois, we find that Texas is the more convenient location for this case for witnesses.

General Accident Ins. Co. v. The Travelers Corp., 666 F. Supp. 1203, 1207 (N.D. Ill. 1987). This same reason is applicable in the present case. While the Northern District of Illinois is no doubt centrally located, its connection to the action is minimal. The Northern District of Texas on the other hand is both the location of the alleged conduct giving rise to the present litigation and is centrally located for the putative class member nationwide. Accordingly, this factor supports transfer to the Northern District of Texas.

### B. Ease Of Access To Sources Of Proof Favors Transfer

Another factor that favors transferring this case to the Northern District of Texas is the ease of access to sources of proof in proposed District. Where, as here, there are few if any sources of proof in this District, and the location of documentary proof and personnel records can be found in another District, this factor weighs in favor of transfer. See Burt v. C.H. Robinson Worldwide, Inc., No. 06-C-6540, 2007 U.S. Dist. LEXIS 18755, *9 (N.D. Ill. 2007).

With CompuCom's corporate headquarters in Dallas, Texas, its general human resources policies and practices, pay policies and practices, and documents related to the duties and responsibilities of Technicians (such as their job descriptions and training materials), were generated in Texas, and are maintained at CompuCom's corporate headquarters. (Buchanan Decl. ¶ 10). Payroll records are processed and kept at or near CompuCom's corporate headquarters in Dallas. (Id.). Furthermore, most of CompuCom's witnesses who can testify about these matters are likewise located in Dallas. (Buchanan Decl ¶ 12).

### C. The Northern District Of Texas Is Familiar With Wage And Hour Law

In this case, Plaintiffs claim that CompuCom violated the FLSA by failing to properly compensate Field Technicians and On-Site Technicians at one and one half times their hourly wage rate for hours worked in excess of forty hours per week. (Compl. Count I ¶ 13). There is no concern that the court in the Northern District of Texas is familiar with the applicable law and can maintain the effective administration of justice.

Plaintiffs' additional claims that CompuCom violated the Illinois Minimum Wage Laws, and the Illinois Wage Payment and Collection Act do not render this an Illinois case that is best decided by an Illinois court. While it is true that an Illinois court may be more familiar with Illinois wage and hour law and the Illinois Wage Payment and Collection Act, this is first and foremost a nationwide collective action under the FLSA. Where, as here, the main federal claim is better resolved in the transferee district, pendency of supplemental state law claims should not override that. As this Court stated in Carbonara v. Olmos,

> Finally, the court finds no merit to plaintiffs' contention that the questions of Illinois law mandate that the case be tried here. "Federal district courts must often undertake the task of deciding foreign law . . . familiarity with state law does not weigh heavily in consideration of a motion to transfer since a change of venue under § 1404(a) is to be 'but a change of courtrooms.'"

No. 93-C-2626, 1993 U.S. Dist. LEXIS 16156, *15 n.9 (N.D. Ill. 1993) (quoting Peterson v. United States Steel Corp., 624 F. Supp. 44, 46 (N.D. Ill. 1985)).  As one court aptly noted, "It is probably true that judges in this district will be better able to handle this state-law claim than judges in the transferee district. But the tail should not wag the dog. This is first and foremost a purported nationwide . . . class action." In re Funeral Consumers Antitrust Litigation, 2005 WL 2334362, *6 (N.D. Cal. 2005) (concluding that the presence of a supplemental state law claim does not weigh against transferring the case to another district).

In any event, whether CompuCom is liable under the FLSA, the Illinois Minimum Wage Laws, or the Illinois Wage Payment and Collection Act, depends on whether or not CompuCom failed to pay Plaintiffs at one and one half times their hourly wage rate for hours worked in excess of 40 in a work week.  The FLSA and the Illinois Minimum Wage Law impose identical standards on employers as it relates to overtime compensation of employees.  Farmers Auto. Ins. Ass'n v. St. Paul Mercury Ins. Co., 482 F.3d 976, 978 (7th Cir. 2007).

### D. Speed To Trial Favors Transfer To The Northern District Of Texas

Similar to Klutho, both districts are familiar with the federal law in question, however, this lawsuit is likely to progress to trial at a faster pace in the Northern District of Texas.  2007 U.S. Dist. LEXIS 86947, at * 9 (finding speed to trial of 21.5 months compared to 26.4 months weighed in favor of transfer); see also, First Nat'l Bank v. El Camino Res., Ltd., 447 F. Supp. 2d 902, 913-14 (N.D. Ill. 2006) (considering speed to trial as part of the interest of justice). According to Federal Court Management Statistics for the period ending September 30, 2006, the speed to trial in the proposed transferee district is 20 months compared to 26.4 months in this district.  (See Exhibit B, attached ).  Therefore, transferring this case to the Northern District of Texas could ease the burden on this Court and may result in a speedier resolution of this matter in Texas.

### E. This District Does Not Have A Greater Local Interest In This Controversy

Although Plaintiff worked and resided in Illinois, Plaintiff's claims do not correlate into the Northern District of Illinois having a greater local interest in this controversy than the Northern District of Texas. As noted, only approximately 1% of Technicians reside in this district. Moreover, the fact that this case includes Illinois Minimum Wage and Wage Payment and Collection Act claims does not confirm, as Plaintiffs might suggest, that this Court has a greater local interest in this case. Rather, it merely suggests that Plaintiffs have chosen to tack on Illinois wage and hour and wage payment and collection claims to their FLSA in an effort to tie this case to this District.

## VI. CONCLUSION

Based on the foregoing, weighing the relevant factors in a Section 1404(a) transfer analysis, the balance clearly favors transfer of this case to the Northern District of Texas, where CompuCom is headquartered, where the bulk of documentary evidence is located, where numerous key witnesses reside, where it is the most convenient for the parties (including the majority of putative Plaintiffs), and where the case will proceed more quickly to trial. Accordingly, the Court should grant CompuCom's motion to transfer this action the Northern District of Texas.

Respectfully submitted,

s/Garrison L. Phillips
Garrison L. Phillips (#6237872)

John A. Ybarra (#06196983)
Garrison L. Phillips (#6237872)
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601

312.372.5520

Dated: March 10, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2008, a copy of the foregoing ***Defendant's Memorandum of Law in Support of Its Motion to Transfer Venue*** was filed electronically. Notice of filing will be sent to the following parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

> John W. Billhorn
> Billhorn Law Firm
> 515 N. State Street, Suite 2200
> Chicago, Illinois 60610

>> s/Garrison L. Phillips
>> Garrison L. Phillips