# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE E. MAZUREK, on behalf of himself, and all other similarly situated known and unknown,<br><br>Plaintiff,<br><br>v.<br><br>COMPUCOM SYSTEMS, INC.,<br><br>Defendant. | No. 1-08-cv-00187<br><br>Judge John F. Grady<br>Magistrate Judge Mason |

## DECLARATION OF STEVE BUCHANAN

I, STEVE BUCHANAN, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct based on personal knowledge:

1. I am currently employed by CompuCom Systems, Inc.. I joined CompuCom in 1994 as a Recruiter. In 1995 I became a Manager of Human Resources responsible for Recruiting and then later Employee Relations. I received a promotion to Director of Human Resources responsible for Recruiting, Employee Relations, and Human Resources Information Systems in 1997. In 2005, I was promoted to my current position as Vice President of Human Resources responsible for Recruiting, Employee Relations, Human Resources Information Systems and Training.

2. As Vice President of Human Resources, I help to plan and direct the general human resources policies for CompuCom nationwide. This makes me intimately familiar with almost every aspect of CompuCom's nationwide policies and pay practices, including those related to human resources and the processing of payroll. My office is located at CompuCom's

corporate headquarters in Dallas, Texas, and I frequently review, and obtain information about, our operations around the country.

3. CompuCom is a leading IT outsourcing company providing infrastructure management services, application services, systems integration, and consulting services, as well as the procurement and management of hardware and software. CompuCom operates from approximately 20-25 CompuCom locations, and 100 client sites in 45 states and the District of Columbia.

4. CompuCom is headquartered in Dallas, Texas, which is located in Dallas County and within the Dallas-Ft. Worth-Arlington metropolitan area.

5. Based upon the size of the Company's nationwide operations, the number of potential present and former Field and On-Site technicians nationwide from 2005 to the present may exceed 3,500 persons.

6. CompuCom has employed during the past three years, approximately 3,533 Field and On-Site Technicians in the following states, including the District of Columbia: Alabama (27), Alaska (15), Arkansas (2), Arizona (18), California (395), Colorado (45), Connecticut (152), District of Columbia (5), Florida (184), Georgia (112), Hawaii (1), Iowa (2), Illinois (38), Indiana (28), Kansas (27), Kentucky (113), Louisiana (31), Maine (2), Maryland (32), Massachusetts (131), Michigan (96), Minnesota (52), Missouri (58), Mississippi (4), North Carolina (198), Nebraska (8), New Hampshire (2), New Jersey (473), New Mexico (9), Nevada (6), New York (255), North Dakota (3), Ohio (199), Oklahoma (10), Oregon (47), Pennsylvania (104), Rhode Island (4), South Carolina (81), South Dakota (3), Tennessee (13), Texas (212), Utah (16), Virginia (140), Vermont (7), Washington (57), Wisconsin (108) and West Virginia (8). (Buchanan Decl. ¶ 6).

7. CompuCom's general human resources and pay policies and practices are developed by management and human resources employees who work at the Company's headquarters.

8. Timesheets and payroll records are processed and kept at CompuCom's headquarters. Although some of this information is computerized, some of it exists only in hard copy form and is stored at CompuCom's Dallas headquarters or off-site store facilities in Dallas. Additionally, all employee personnel files are kept at the Dallas headquarters.

9. Employee paychecks are also prepared at, and distributed from, the Company's Dallas headquarters.

10. If physically produced, the corporate documents and records, such as timesheets, payroll records, general human resources and pay policies and practices, for all of CompuCom's Field and On-Site Technicians nationwide would be extremely voluminous and would require a major and expensive undertaking to organize, copy, store, secure, and transport outside of the Dallas area. Physically producing, transporting, storing, and securing such documents outside of the Dallas area would also disrupt CompuCom's business operations because of the expense, time, and personnel required to perform such tasks.

11. Witnesses who likely have relevant information and likely will be called to testify for the Company include CompuCom management and executive-level employees who: (a) develop and prepare CompuCom's pay policies and practices; (b) calculate or approve rates of pay for non-exempt employees; (c) process timesheets, paychecks, and payroll; and (d) maintain payroll records. These witnesses generally work at the Company's headquarters.

12. Such likely witnesses include the following persons, most of whom work at the Company's headquarters and/or live in the Dallas, Texas metropolitan area:

| NAME | TITLE | SUBJECT MATTER |
|---|---|---|
| Steve Buchanan | Vice President Human Resources | Overall knowledge of CompuCom's processes, policies and procedures. |
| Patricia Parnell | Director of Compensation and Benefits | General knowledge of policies and practices and specific knowledge of titles, job descriptions and pay plans. |
| Katherine Castleberry | Payroll Manager | Overall knowledge of payroll and time tracking policies and practices. |
| Carol Mueller | Payroll Specialist | General and historical knowledge of time tracking and payroll policies and practices. |
| Chris Tice | Sr. Manager HR Information Systems | Responsible for all PeopleSoft and electronic personnel files, reporting and pay records. |
| Connie McMullen | HR Specialist | Responsible for all hard copy paper files and administration. |
| Sommer Watkins | HR Specialist | Responsible for all job descriptions and compensation for field associates. |
| Cyndie Ewert[1] | Director of Compensation and Benefits | Responsible for developing and administering pay policies. Received call or escalation point for calls concerning pay policy issues. |
| Kay Jarvis[2] | Payroll Manager | Responsible for carrying out directive of CompuCom's pay policies. Received call or escalation point for calls concerning pay policy issues. |
| Tony Terrell[3] | Director of Compensation | Responsible for pay plans and ensuring FLSA compliance. Had responsibility for determining the roles and responsibilities of technicians as well as the FLSA status and pay plans. |

---

[1] CompuCom no longer employs Ms. Ewert, however, she continues to reside in the Dallas metropolitan area.
[2] CompuCom no longer employs Ms. Jarvis, however, she continues to reside in the Dallas metropolitan area.
[3] CompuCom no longer employs Ms. Terrell, however, she continues to reside in the Dallas metropolitan area.

| Erica Gonzales[4] | Compensation Analyst | Responsible for writing job descriptions and administering pay plans as well as answering associate and manager questions. |
|---|---|---|
| Karen Jenks[5] | Vice President of Services for the Central region. | Responsible for all associates in central regions. |
| Doug Johnson[6] | Employee Relations Specialist | Responsible for handling any associate issues or complaints. |

13. These likely witnesses who reside in the Dallas area will be required to travel nearly 1,000 miles each way. This would take several hours by flight or nearly 15 hours by automobile for employees who may not be able to fly to attend trial if held in Chicago, Illinois.

14. Attendance at hearings and a lengthy trial in Chicago will require these key witnesses to be away from their work and homes, which will likely cause a substantial disruption to CompuCom's business operations and the personal schedules of the witnesses. Moreover, because these likely witnesses hold key responsibilities for the operation of the Company, particularly Human Resources and payroll, scheduling time away from work would be difficult because their responsibilities would have to be delegated to others, or simply not performed at all.

15. Additional witnesses that work outside of corporate headquarters could include various Technical Services, Networking and Systems Integration Managers in the various locations throughout the United States. These regional employees would be able to provide the court with fact-specific, individualized information regarding particular Field Technicians and On-Site Technicians' week-to-week activities.

16. Of course, if regional level employees must leave their regions to testify at a

---

[4] CompuCom no longer employs Ms. Gonzales, however, she continues to reside in the Dallas metropolitan area.
[5] CompuCom no longer employs Ms. Jenks,. She currently resides in Minneapolis, MN.
[6] CompuCom no longer employs Mr. Johnson, however, he resides in the Dallas metropolitan area.

5

hearing or trial in Chicago, their regional business operations would be disrupted because of the costs involved in accommodating the employees' absences from their regions. Although this is a cost that CompuCom would bear regardless of the venue for trial, holding trial in the Dallas area would reduce those travel costs for CompuCom for employees who do not reside in the Dallas area. This is because CompuCom has negotiated discount lodging rates at Dallas area hotels, there are numerous direct flights to many destinations from Dallas Fort Worth international airport, and because CompuCom would not need to pay for the use of rental cars for many of its witnesses who could be transported by CompuCom's personnel already working at the Company's headquarters.

17. In addition to current CompuCom employees, there are several potentially important witnesses who reside in the Dallas area who are no longer employees of CompuCom. These employees are Cyndie Ewert, former Director of Compensation and Benefits; Kay Jarvis, former Payroll Manager; Tony Terrell, Director of Compensation; Erica Gonzales, Compensation Analyst; Doug Johnson, Employee Relations Specialist Each of these witnesses may have information related to communications with employees regarding compensation issues and the processing of Field and On-Site Technicians complaints.

I declare under penalty of perjury that the foregoing is true and correct.

*[signature]*
Steve Buchanan

Dated: 3/10/08