IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GEORGE E. MAZUREK,** on behalf of himself, and all other similarly situated plaintiffs known and unknown,<br><br>          Plaintiff<br><br>     v.<br><br>**COMPUCOM SYSTEMS, INC.**<br><br>          Defendant | **N<sup>o</sup>.** 08 CV 0187<br><br>Honorable Judge Grady<br><br><u>**JURY DEMAND**</u><br><br><u>**F.R.C.P. 23 CLASS ACTION DEMAND**</u> |

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO TRANSFER**

Defendant has asked this Court to remove Plaintiff's claim for back overtime wages from this jurisdiction, where he was employed, and transfer this case to Defendant's own home front, the Northern District of Texas.

Of course, if Defendant was to have its way, it would transfer any and all employee disputes to its home town, despite the fact that it profits from its business ventures in 46 states and the District of Columbia. Defendant's request for such comfortable surroundings should be denied, and Defendant should be required to resolve this dispute in the Northern District of Illinois where it employed Plaintiff and where Plaintiff resides.

Plaintiff, George Mazurek, was employed by CompuCom as an hourly Field Technician and On-Site Technician for approximately 9 years up to his separation from the Company in August of 2005. See Plaintiff's affidavit attached as **Exhibit A**. Plaintiff interviewed at Defendant's Rosemont, Illinois office which at the time was the headquarters for Defendant's "central district". **Exhibit A.** That headquarters has now been relocated to Des Plaines, Illinois. **Exhibit A.** Plaintiff was hired here in Illinois by Fred Bankenhead

who remained as his supervisor and direct report for the vast majority of his tenure with the Company. **Exhibit A.**

Plaintiff claims in this lawsuit that he was denied in most workweeks payment for certain hours worked over 40. Plaintiff claims that certain hours worked out side of his regular schedule were not recognized as compensable work nor compensated by CompuCon. As the Complaint alleges, the hours worked which were not paid were primarily hours before and after the regularly scheduled shift and, had those hours been properly recognized as compensable work and compensated by Defendant as such, the extra hours would have been overtime hours payable at time and one and one half his regular hourly rate.

### Defendant's Motion Should Be Denied Because Plaintiff's Choice of Forum Should be Honored.

Defendant faces a stiff burden in its assertion that Plaintiff should be required to relinquish his chosen venue. The plaintiff's choice of forum is typically given great weight and generally should not be disturbed unless clearly outweighed by other considerations. *Robinson v. Giarmarco & Bill, P.C.*, **74 F.3d 253, 260 (11th Cir.1996)**; see *Gulf Oil*, **330 U.S. at 508, 67 S.Ct at 843** ("unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed"); *Time, Inc. v. Manning,* **366 F2.d 690, 698 (5th Cir.1996)** ("the plaintiff's privilege to choose or not to be ousted from his chosen forum is highly esteemed")**; 15 Wright, Miller & Cooper §3848.** This is particularly true when the plaintiff's choice of forum is also the plaintiff's home district, or where the choice of forum relates to the plaintiff's legitimate and rational concerns. *Piper Aircraft Co. v. Reyno*, **454 U.S. 235, 255-256, 102 S. Ct. 252, 266, (1981); *DiMark Mktg., Inc., v. Louisiana Health Serv. & Indem. Co.,* 913 F.Supp. 402, 408 (E.D.Pa.1996);** *Waste*

*Distillation Tech., Inc., v. Pan Am. Resources, Inc.,* **775 F.Supp. 759, 764 (D.Del.1991).**

Unlike personal or subject matter jurisdiction, both of which address a court's power to adjudicate a case between the parties, venue statutes are designed to protect the defendant against a Plaintiff's choice of an unfair or inconvenient forum. ***Leroy v. Great W. United Corp.*, 443 US 173 at 183-84 (1979).** The venue statutes are intentionally broad, and litigants often have several options as to where to file suit. ***Texas Instruments, Inc. v. Micron Semiconductor*, 815 F.Supp. 994, 996 (E.D. Tex.1993).** Only where the Plaintiff has exceeded the bounds of fairness, convenience, and judicial economy in the selection made, may a federal court transfer the case to another forum. *Id*. The Defendant has the burden of proving that the transfer to the Texas District is both possible and appropriate. ***Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir. 1966); *Allied Metal Co. v. Edgerton Metal Prods., Inc.*, 908 F.Supp. 576, 581 (N.D.Ill.1995).** This burden has been described as more than just a preponderance but rather must be based upon "clear and convincing evidence". ***Headrick v. Atchinson T. & S.F. Ry.,* 182 F.2d 305, 310 (10th Cir. 1950).** A defendant must present the motion to transfer with affidavits or discovery evidence containing detailed factual statements supporting the grounds stated in the motion. ***Plum Tree, Inc.*, v. Stockment, 488 F.2d 754,756-57 (3d Cir.1973).** Mere conclusory assertions of inconvenience will not justify transfer. ***Johnson v. Zarefoss,* 198 F. Supp. 548, 551 (E.D.Pa.1991),** *aff'd,* **305 F.2d 825 (3d Cir.1962).**

When passing on a 28 U.S.C. §1404(a) motion to transfer, the court is not limited to the three factors specifically enumerated in the statue, but rather engages in "an individualized case by case consideration of convenience and fairness". ***Van Dusen .v Barrack,* 376 U.S. 612, 622, 84 S.Ct. 805, 812 (1964).** The statutory factors have been called "placeholders" for the broad interests that the court is to consider, and there is no

3

statutory indication what weight they are to be assigned. *Coffey v. Van Dorn Iron Works,* **796 F.2d 217, 219, n.3 (7th Cir.1986).**

It is clear that mere inconvenience to the defendant is not sufficient to warrant changing the location of the suit. *Van Dusen,* **376 U.S. at 634 & n.30, 84 S.Ct. at 818 n.30.** Nor will the court transfer a case where the effect is merely to shift the inconvenience from one side to the other. In its brief, Defendant cavalierly ignores any reference to the fact that Plaintiff would likely be required to seek counsel in Texas or that the cost of brining his case against his former employer would skyrocket with a transfer to Texas. The fees of his Chicago counsel would certainly be exacerbated by a transfer to Texas and the fees would similarly be increased by the need to hire an additional set of attorneys in that venue. These concerns must be recognized by the Court even though ignored by Defendant.

The party seeking the transfer must specify the identity and location of potential witnesses and provide a general description of their testimony. *Laumann Mfg. Corp. v. Castings USA, Inc.,* **913 F.Supp. 712,720 (E.D. N.Y.1996)**. If appropriate, the defendant should show that the witnesses are unwilling to travel to the present forum. A general allegation that witnesses will be inconvenienced, without identifying them and indicating what their testimony will be, is insufficient to carry a defendant's burden to show the inconvenience of the plaintiff's chosen forum. *See, e.g., Time, Inc. v. Manning*, **366 F.2d 690, 698 (5th Cir.1966)**; *Young v. Armstrong World Indus., Inc.,* **601 F.Supp. 399, 401-02 (N.D. Tex.1984).** The defendant must identify the witnesses who are actually unwilling to travel to the plaintiff's choice of forum to testify on behalf of the defendant at trial, state their proposed testimony, and state why they are material. . *DEV Inds. v. NPC, Inc.,* **763 F.Supp. 313, 315 (N.D.Ill.1991).**

Here, Defendant only casually refers to "inconvenience" and offers absolutely no

4

particulars. Defendant offers no affidavit from any witness other than the self-serving affidavit of the head of Human Resources, an affidavit that only addresses the inconvenience to the *Company* if employees are required to come testify at a trial in Chicago. Indeed, only 7 of the 13 witnesses Defendant asserts will testify are even employed by Defendant at this point and, reading the "Subject Matter" column of Defendant's chart (on pages 4 and 5) indicates that virtually all 13 witnesses are duplicative in some sense. The most salient witnesses to Plaintiff's job duties, a threshold subject in the case before the parties engage in any class discovery, will focus exclusively on his job duties, all of which were carried out right here in the Northern District of Illinois. Defendant's "inconvenience" argument pertains only to itself, and should be disregarded by the Court. Even when there is an additional burden to the witnesses, it may be insufficient to outweigh the plaintiff's right to his choice of the form. *See, e.g.,* **Leesona Corp. v. Duplan Corp., 317 F.Supp. 290, 300 (D.R.I.1970).**

Moreover, as established by Plaintiffs' affidavit attached as **Exhibit A**, all aspects of his job were carried out here in the Northern District of Illinois. Plaintiff was hired here, carried out his job duties here and was supervised by a Mr. Frank Bankhead, another of Defendant's employees who was and is located here in Chicago, for nearly the entire time he was employed by Defendants. The most important witness who will attest to the hours Plaintiff worked, Mr. Bankhead, is located right here in the Northern District of Illinois.

Defendant places much of its argument for transfer to Texas on speculation of the future needs of the case, such as the identity of ultimate trial witnesses and the documents Defendant speculates will need to be produced during the course of the litigation. However, access to documents has been given decreasing emphasis due to advances in copying technology as well as new methods of electronic information storage. *See, e.g.,* **Arrow Elecs.,**

*Inc. v. Ducommum, Inc.,* **724 F.Supp. 264, 266 (S.D.N.Y. 1989)**. The defendant must identify the location of documents or other sources of proof and show why they are important and more accessible in the proposed forum. *Houk v. Kimberly- Clark Corp.,* **613 F.Supp. 923, 932, (W.D.Mo.1985).** The fact of the matter is that to produce any payroll record that might be necessary for this case, Defendant will be required to push the same button and generate the same reports and journals whether the case is here in Illinois or in Defendant's hometown. And, the fact that these electronically stored documents will be capable of production on CD or electronic mail again cuts against Defendant's arguments relative to transfer.

Additionally, Defendant's argument regarding the dire need for detailed payroll records as evidence in this case is misplaced and a red herring for other reasons. Even if the evidence regarding back pay damages was reflected in the payroll records (which in this case, it is not), there is rarely a need for that kind of detailed document production. Generally a sampling of a much more narrow scope of payroll records will produce estimates that are acceptable under FLSA case law  (See *Anderson v. Mt. Clemmons Pottery*, **328 US 680 (1946),** stating that reasonable estimates are adequate from an evidentiary perspective when the employer's payroll records do not record the work claimed to be performed but not compensated). As stated above, Plaintiff's claims in this case have to do with hours worked *off the clock*, i.e., hours worked by Plaintiff and similarly situated Field and On-Site Technicians. Thus, in this case payroll records will not bear upon the ultimate issue of whether or not back wages are owed. Payroll records, which are likely to be kept electronically and be produced in that manner, will be produced with equal ease in Chicago as in Dallas. Those documents may be needed on a limited basis for computation of damages, but many large scale class or "representative" FLSA cases in which back wage

6

damages are sought are ultimately calculated on the basis of reasonable estimates (*Anderson v. Mt. Clemmons Pottery*, **328 US 680 (1946)**), and if any payroll information is needed in the form of pay rates, the information is easily obtained and produced electronically with the running of one particular journal or file.

Defendant's request for a change of venue offers arguments that are generic and non-specific and would apply in any situation with any of its employees in any part of the country. Defendant asserts in its Brief In Support that over the last three years it has employed 3,533 "Field Technicians" in the various parts of the country where it does business. To accept Defendant's argument that because it elected the Dallas area for its corporate headquarters and because payroll records and corporate executives are situated there entitles it to adjudicate every single employee dispute to that venue, would obscure the purpose and intent of the venue concept which honors a litigant's right to bring suit in the local where the events giving rise to the claim occurred.

Defendant maintains a registered agent in the Northern District (See **Exhibit B**, "CyberDriveIllinois", cite of Secretary of State Jesse White, indicating Defendant's registered agent being CT Corporation System, 208 S. La Salle Street, Chicago Illinois). Defendant clearly anticipates legal proceedings in this venue, as would any corporate concern doing business on a national basis.

Finally, as recognized here in the Northern District of Illinois and promoted on it's judicial web cite, *over 95%* of all civil suits filed in federal court result in settlement. See **Exhibit C**, "Setting Settlement Conferences", taken from the judicial web page of the Honorable Judge Martin Ashman. Yet Defendant in this motion premises the bulk of its argument on needs for trial by asserting that the docket of the Northern District of Illinois less crowded that the Northern District if Texas, although barely 6 months difference in

terms of getting to trial.   With only a 6 month difference to getting to trial, and a 5 chance of ever getting there, Defendant's arguments are unpersuasive.

For the foregoing reasons Defendant's Motion To Transfer Venue should be denied and this action should be maintained in Plaintiff's forum of choice.

Respectfully submitted,

*Electronically Filed 05/21/2008*

*s/ John W. Billhorn*

_____
John W. Billhorn, attorney for
Plaintiff, and all other Plaintiffs similarly
situated, known or unknown.

JOHN W. BILLHORN
BILLHORN LAW FIRM
515 N. STATE STREET
SUITE 2200
CHICAGO, IL 60610
312) 464-1450