**STANDING ORDER OF MAGISTRATE**
**JUDGE MARTIN C. ASHMAN**
**SETTING SETTLEMENT CONFERENCES**

**Magistrate Judge Martin C. Ashman**                     Chambers:  1366
                                                          Courtroom:  1386

      This case has been set for a settlement conference before Magistrate Judge Martin C. Ashman.

All parties and their lead counsel are hereby ORDERED TO APPEAR at the Dirksen Federal Building,

219 South Dearborn Street, Chambers Room 1366, Chicago, Illinois, on the date and time set forth in

the attached minute order.

**SETTLEMENT CONFERENCE PREPARATION**

      Over 95% of all civil suits are settled prior to trial.  Therefore, settlement preparation should be

treated as seriously as trial preparation.  Planning is essential because the party who is best prepared

obtains the best result.  The Court has found that the following points are essential to a successful

settlement conference.

**A.**     <u>Format</u>

      **1.**     **Presettlement Conference Demand and Offer.**  Settlement conferences are

generally unproductive unless the parties have exchanged demands and offers before the conference

and have made some attempt to settle the case on their own.  Accordingly, at least fourteen (14) days

prior to the settlement conference, the plaintiff shall submit a written itemization of damages and

settlement demand to defendant.  No later than seven (7) days prior to the settlement conference,

defendant shall submit a written offer to plaintiff.  Oftentimes, this process will lead directly to a

settlement.  If settlement is not achieved, the parties shall deliver or fax to Judge Ashman's chambers, but not file, two (2) business days before the conference, copies of the last written settlement demand and offer.

2.      **Attendance of All Parties Required.  Parties with ultimate settlement authority must be personally present.**  A plaintiff or its representative with the authority to settle for an amount as low as the existing settlement offer must personally appear.  A defendant or its representative with the authority to settle for an amount up to the limits of the existing settlement demand must personally appear.[1]

Because the Court generally sets aside at least two hours for each conference, it is impossible for a party who is not present to appreciate the process and the reasons which may justify a change in one's perspective towards settlement.  Having a client, with authority, available by telephone is **not** an acceptable alternative, except under the most extenuating circumstances.[2] **Violation of this rule may result in severe sanctions.**

3.      **Mediation Format.**  The Court will generally use a mediation format:  opening presentations by each side followed by a joint discussion and private caucusing by the Court with each

---

[1]      In certain cases, this means that an insured party shall appear by a representative of the insurer who is authorized to negotiate, and who has authority to settle the matter to these limits.  An uninsured corporate party shall appear by a representative authorized to negotiate, and who has authority to settle the matter to these limits.

[2]      The purchase of an airplane ticket is not an extenuating circumstance.

side.  Judge Ashman may, on occasion, make recommendations for settlement.  Clients may be present at part but not all of the conference.  If there are any objections to this format, they must be made prior to the date of the conference.

       **4.**     **Statements Inadmissible.**  Statement made by any party during the settlement conference will not be admissible at trial in the event a settlement is not reached.  Parties are encouraged to be frank and open in their discussions.

       **5.**     **Other ADR Processes.**  If the parties desire private mediation, arbitration, mini-trial or other procedure, they should immediately advise the minute clerk, who will arrange a conference call with the Court to discuss the options.

**B.**      <u>**Issues To Be Discussed At Settlement Conference**</u>

       Parties should be prepared to discuss the following at the settlement conference.

    1.      What issues (in and outside of this lawsuit) need to be resolved?  What are the strengths and weaknesses?

    2.      What are your objectives in the litigation?

    3.      What are the points of agreement and disagreement between the parties?  Factual?  Legal?

    4.      What are the impediments to settlement?

    5.      What remedies are available through litigation or otherwise?

    6.      Are there possibilities for a creative resolution of the dispute?

7.      Do you have enough information to discuss settlement?  If not, how will you obtain sufficient information to make a meaningful settlement discussion possible?

8.      Do you understand the opposing side's view of the case?  What is wrong with their perception?  What is right with their perception?

## C.    <u>Involvement of Clients</u>

For many clients, this will be the first time that they have participated in a Court supervised settlement conference.  Therefore, counsel shall provide a copy of this Standing Order to the client and shall discuss the points contained herein with the client prior to the settlement conference.

**ENTER:**

_____

**MARTIN C. ASHMAN**

**Dated:**  February 20, 1997.                United States Magistrate Judge

–  4  –