**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **GEORGE E. MAZUREK,** on behalf of himself, and all other similarly situated plaintiffs known and unknown,<br><br>Plaintiff,<br><br>v.<br><br>**COMPUCOM SYSTEMS, INC.,**<br><br>Defendant. | No. 1:08-cv-00187<br><br>Judge John F. Grady |

**DEFENDANT COMPUCOM SYSTEMS INC.'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE**

In its Motion To Transfer Venue Pursuant To 28 U.S.C. § 1404(a), Defendant CompuCom Systems, Inc. ("Defendant" or "CompuCom") established that the Court should transfer this purported nationwide FLSA collective action to the Northern District of Texas, where CompuCom maintains its corporate headquarters and where a bulk of the witnesses and relevant sources of proof are located. In opposition to Defendant's motion, Plaintiff makes arguments regarding *his* choice of forum, *his* convenience, and access to sources of proof related to *his* claims – notwithstanding that he purports to represent a class that could include approximately 3,533 current and former CompuCom employees *nationwide*. Notably, only approximately one percent of this putative class resides in Illinois. As set forth below, none of Plaintiff's arguments are relevant to the transfer analysis given the nationwide, collective nature of his Complaint. Accordingly, the Court should reject Plaintiff's arguments, grant Defendant's motion, and transfer this action to the Northern District of Texas.

**A. Plaintiff's Choice Of Forum Is Entitled To Little Weight**

As Defendant established in its opening brief, because Plaintiff purports to bring this lawsuit as a nationwide collective action, his choice of forum should have little, if any, weight in the Court's transfer analysis. See Dortch v. Fin. Alternative, Inc., No. 01-C-7416, 2002 U.S. Dist. LEXIS 6875, *6 (N.D. Ill. 2002) (citing Koster v. American Lumebermans Mut. Cas. Co., 330 U.S. 518, 524 (1947)) ("[w]here there are potentially hundreds, if not thousands, of plaintiffs, from many different states, deference to the plaintiff's chosen forum is considerably weakened."). Indeed, "when a nationwide class is alleged, less deference should be given to the plaintiff's choice of forum because any member of the class who subsequently chooses to appear might be faced with similar inconveniences, depending on where the action proceeds." Andrade v. Chase Home Fin., L.L.C., 2005 U.S. Dist. LEXIS 32799, *18 (N.D. Ill. Dec. 12, 2005) (quoting Morris v. Am. Bioscience, Inc., 2004 U.S. Dist. LEXIS 22274, No. 03 C 7525, 2004 WL 2496496, at *2 (N.D. Ill. Nov. 3, 2004)). This applies with equal force even where, as here, the named plaintiff chooses his home forum. Boyd v. Snyder, 44 F. Supp. 2d 966, 969 (N.D. Ill. 1999) ("[w]hen [a] 'plaintiff alleges a class action, plaintiff's home forum is irrelevant.'") (quoting Georgouses v. NaTec Resources, Inc., 963 F. Supp. 728, 730 (N.D. Ill. 1997)).

Plaintiff makes no effort to refute the applicability of these cases. Rather, he simply maintains that his choice of home forum is entitled to deference and supports this contention with case law from *outside* the Seventh Circuit, none of which involves class or collective action allegations. (Dkt. No. 19 p. 2-3). Thus, Plaintiff completely misses the mark by failing to even provide relevant authority to support his assertions.

As Defendant stated in its Motion to Transfer Venue, and reiterates here, Plaintiff's choice of forum should be afforded little or no weight because Plaintiff purports to represent a nationwide class, only approximately 1% of which is located in Illinois. (Dkt. No. 11-2 ¶ 6).

Plaintiff cannot "have his cake and eat it too" by both seeking to bring this action as a collective action, while also having this Court treat it as a single plaintiff case with respect to the deference paid to the choice of his home forum. Accordingly, the Court should transfer this matter to the Northern District of Texas, notwithstanding Plaintiff's choice of forum.

**B. Plaintiff's Self-Serving Argument Regarding Costs Of Litigating This Matter In The Transferee Forum Is Unavailing**

Plaintiff next attempts to oppose transfer by making unsupported allegations that transfer to the Northern District of Texas would pose a financial burden on him. Specifically, he claims that "Defendant cavalierly ignores any reference to the fact that Plaintiff would be required to seek counsel in Texas or that the cost of brining [*sic*] his case against his former employer would skyrocket with a transfer to Texas." (Dkt. No. 19 p. 4). As a threshold matter, Plaintiff's vague allegations of financial hardship are not entitled to weight in the Court's transfer analysis. See F & G Scrolling Mouse, LLC v. Microsoft, Inc., 56 F. Supp. 2d 1005, 1008 n.4 (N.D. Ill. 1999) (finding that without any specific information regarding the plaintiff's financial situation, a claim of increased burden would not be given much weight in the court's transfer analysis).

Moreover, even if the Court gives consideration to Plaintiff's self-serving claim that his attorney's fees would "skyrocket" as a result of transferring venue to the Northern District of Texas, this does not begin to outweigh the increased cost to Defendant if this cause remains in this District. In its opening brief, Defendant articulated numerous reasons why trial in the Northern District of Illinois would be extremely costly. Specifically, Defendant cited the costs of transportation, meals, and lodging, for its witnesses, as well as the disruption to CompuCom's business if key employee witnesses are forced to be away from their jobs to attend hearings, and a lengthy trial in Chicago. (Dkt. No. 19 p. 8). Defendant should be afforded no less protection than the Plaintiff with regard to costs and fees associated with this matter. See In re National

Presto Industries, Inc., 347 F.3d 662, 665 (7th Cir. 2003) (stating that even a party as big as the federal government is no less worthy of the protection of the law than "corporate officers, shareholders, and employees."), rev'd on other grounds, 486 F.3d 305 (7th Cir. Ill. 2007). Thus, Plaintiff's unsupported contentions regarding an increase to his costs and fees do not weigh against transfer.

**C. Defendant Has Met Its Burden Of Identifying Witness And Their Anticipated Testimony**

In a further effort to defeat transfer, Plaintiff incorrectly contends that Defendant failed to "specify the identity and location of potential witnesses and provide a general description of their testimony." (Dkt. No. 19 p. 4). However, contrary to Plaintiff's claim, Defendant did just that in its opening brief by setting forth several of its potential witnesses' identities, locations, positions at CompuCom, and a general description of the subject of their testimony.

Defendant presented this information via the declaration of Steve Buchanan, its Vice President of Human Resources. (Dkt. No. 11-2). Plaintiff tries to diminish this evidence by calling Mr. Buchanan's declaration a "self-serving affidavit." This argument completely ignores the fact that as the Vice President of Human Resources, Mr. Buchanan is in the best position to know the consequences of having key employee witnesses away from the Company headquarters in Dallas for a lengthy trial in Illinois.

Additionally, it makes little sense for Defendant to provide duplicative declarations to support the obvious point that it would be disruptive and inconvenient for employee and non-employee witnesses alike if they have to travel from the Dallas area to the Northern District of Illinois to attend hearings or a lengthy trial. For example, in Mitchell v. First Northern Credit Union, the Court, upon noting that the defendant's headquarters and relevant records were located in the transferee district, concluded that the defendant's "witnesses would suffer the

inconvenience of constant travel to and from their home state, to a foreign jurisdiction." 2007 U.S. Dist. LEXIS 74921, *10 (N.D. Ill. 2007). That same reasoning is applicable in this case.

Also, as Plaintiff notes, "only 7 of the 13 witnesses Defendant asserts will testify are even employed by Defendant at this point." (Dkt. No. 19 p. 5). Whatever Plaintiff's point, the fact these non-employee – and non-party – witnesses reside in the Dallas area actually *supports*, rather than weighs against, transfer. Indeed, as this Court has recognized, if trial were held in the Northern District of Illinois, the Court "would have significant difficulty issuing subpoenas to unwilling non-party witnesses located in [the transferee forum]." Mitchell, 2007 U.S. Dist. LEXIS 74921, at *11. In Timebase Pty Ltd. v. Thomson Corp., the Court transferred the case, in part because twenty-five relevant witnesses resided in the transferee forum, including at least three non-party witnesses who were within the subpoena power of the transferee district, but not the Northern District of Illinois. 2007 U.S. Dist. LEXIS 17093, *6 (N.D. Ill. 2007). See also Andrade, 2005 U.S. Dist. LEXIS 32799, *25 (because the witnesses identified reside closer to the transferee forum, including non-party witnesses who would fall within that court's subpoena power, this factor clearly weighs in favor or transferring the action.). Based on Mitchell, Timebase, and Andrade, the Court should transfer this case for these witnesses' convenience and to assure that a concentration of non-party witnesses will be within the trial court's subpoena power.

In sum, Defendant has identified at least thirteen witnesses, including several non-party witnesses who are outside of this Court's subpoena power. Plaintiff, on the other hand, has provided the name of only *one* potential witness who would purportedly be inconvenienced by the transfer. The interests of justice would be best served by transferring this action to the Northern District of Texas where a majority of the witnesses fall within the subpoena power of

the court, and where the action will be more convenient for more of the relevant named witnesses.

**D. Plaintiff's Attempt To Individualize His Claims Contradict His Complaint**

As Defendant established in its opening brief, Dallas is the natural epicenter for this action because the policies and practices about which Plaintiff complains emanate from Defendant's corporate headquarters in the Dallas area, and records related to these policies and practices are maintained there. (Dkt. No. 11 p.10-11). Plaintiff attempts to counter this with his declaration, in which he states that all aspects of his job are carried out within the Northern District of Illinois. (Dkt. No. 19 p. 5). This, he contends, establishes that this matter is more strongly connected to this District than the Northern District of Texas. Once again, Plaintiff attempts to downplay the nationwide, collective nature of his allegations by focusing only on his alleged experiences. However, Plaintiff's complaint does not simply state a claim based on "his job." Rather, he purports to bring this action on behalf of himself and other Plaintiffs similarly situated, based on an alleged practice of failing to properly compensate Field Technicians and On-Site Technicians, which number approximately 3,533 nationwide.

Plaintiff also attempts to evade transfer by noting that his former supervisor is the "most important witness who will attest to the hours Plaintiff worked" and that this witness is located in the Northern District of Illinois. (Dkt. No. 19 p. 5). Even assuming that this former supervisor would have information regarding Plaintiff's claims, the testimony of this one witness would hardly prove the claims of an entire class. Indeed, each putative class member's supervisor is likely to have similar information regarding these claims. These supervisors, like the putative class members, are scattered throughout the country. Thus, the fact that Plaintiff's own supervisor resides in Illinois hardly weighs against transfer.

**E. The Future Needs Of This Case Should Be Taken Into Consideration**

Plaintiff also attempts to attack Defendant's transfer motion by taking issue with what he calls Defendant's "speculation of the future needs of the case." However, Defendant has simply pointed out that the majority of the sources of proof, key witness, and the situs of the material events are in the Northern District of Texas, and prior to this Court making any substantive rulings, this case should be transferred to that forum.

With regard to the location of documents, Plaintiff asserts that in this electronic age, Defendant will have to "push the same button and generate the same reports" no matter where the case is located. While the electronic age has admittedly made life simpler, where, as here, the location of documentary proof and records can be found in another District, this factor nevertheless weighs in favor of transfer. Burt v. C.H. Robinson Worldwide, Inc., No. 06-C-6540, 2007 U.S. Dist. LEXIS 18755, *9 (N.D. Ill. 2007) (because there were no assertions that sources of proof could be found in the Northern District of Illinois, and personnel records were to be found in the transferee forum, this factor weighed in favor of transfer); Mitchell, 2007 U.S. Dist. LEXIS 74921, *10 (the interests of justice favor transfer, partly because "the evidence and records located at [Defendant's] home office . . . would [have to] be transported to the Northern District of Illinois").

Finally, Plaintiff attempts to diminish the relevance of the sources of proof that Defendant has identified in the Dallas area. In particular, he asserts that payroll policies and records will not bear on the ultimate issues in this case because his claims of FLSA violation, relate to off-the-clock work. This assumption fails on many fronts. First, this action claims that CompuCom failed to pay its Field and On-Site Technicians overtime wages. Payroll records can, and likely will, be the most reliable source of evidence regarding hours worked and paid, including regular and overtime hours. Second, this case is plead as a nationwide collective and

statewide class action. These records are likely the best evidence to demonstrate that CompuCom does not have a system or nationwide policy of refusing or failing to pay overtime.

**F. Conclusion**

Plaintiff's response to Defendant's transfer motion does little more than attempt to confuse this action with one brought as a single plaintiff case for purposes of evading transfer. Accordingly, for the reasons stated herein, and in Defendant's Memorandum In Support Of Its Motion To Transfer Venue, this matter should be transferred to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a).

Respectfully submitted,

s/ Jeremy W. Stewart
Jeremy W. Stewart (#6293884)

Jeremy W. Stewart (#6293884)
Garrison L. Phillips (#6237872)
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601
312.372.5520

Dated: June 3, 2008

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 3, 2008, a true and correct copy of the foregoing **Defendant CompuCom Systems Inc.'s Reply in Support of Its Motion to Transfer Venue,** was electronically filed with the Clerk of the Court for the Northern District of Illinois using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

John W. Billhorn
Billhorn Law Firm
515 N. State Street
Suite 2200
Chicago, IL 60610

/s/ Jeremy W. Stewart
Jeremy W. Stewart (ID #6293884)
Littler Mendelson P.C.
200 N. LaSalle Street, Suite 2900
Chicago, IL 60601
312-372-5520
312-372-7880 - Fax

*Attorneys for Compucom Systems, Inc.*